# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-01029V
UNPUBLISHED

| | |
|---|---|
| AARON COOK,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>               Respondent. | Chief Special Master Corcoran<br><br>Filed: February 13, 2023<br><br>Special Processing Unit (SPU);<br>Ruling on Entitlement; Concession;<br>Table Injury; Influenza (Flu) Vaccine;<br>Shoulder Injury Related to Vaccine<br>Administration (SIRVA) |

*Glen Howard Sturtevant, Jr., Rawls Law Group (Richmond), Richmond, VA,* for Petitioner.

*Madelyn Weeks, U.S. Department of Justice, Washington, DC,* for Respondent.

## RULING ON ENTITLEMENT[1]

On March 5, 2021, Aaron Cook filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that as a result of receiving the influenza ("flu") vaccine on October 21, 2020, he suffered a right-sided shoulder injury related to vaccine administration ("SIRVA") as defined on the Vaccine Injury Table. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On June 29, 2022, I issued Findings of Fact in which I determined that "the October 21, 2020 flu vaccine was most likely administered in Mr. Cook's right arm." ECF No. 28 at 6. On February 1, 2023, Respondent filed his Rule 4(c) Report stating that (while

---

[1] Because this unpublished Ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

preserving his right to appeal the June 29, 2022 Findings of Fact) he "submits that [P]etitioner has otherwise satisfied the criteria set forth in the Vaccine Injury Table and the Qualifications and Aids to Interpretation ("QAI")" for SIRVA. Respondent's Rule 4(c) Report at 2.

Specifically, Respondent stated as follows:

In light of the Chief Special Master's fact ruling and the medical record evidence submitted in this case, [the Secretary has] concluded that petitioner suffered a SIRVA as defined by the Vaccine Injury Table . . . Therefore, based on the record as it now stands and subject to his right to appeal the Findings of Facts, respondent does not dispute that petitioner has satisfied all legal prerequisites for compensation under the Act."

*Id.* at 5-6.

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master
