# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 21-1029V
(not to be published)

|  |  |
|---|---|
| AARON COOK,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: May 19, 2023<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs; Hourly Rates |

*Glen Howard Sturtevant, Jr., Rawls Law Group (Richmond), Richmond, VA, for Petitioner.*

*Madelyn Weeks, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On March 5, 2021, Aaron Cook filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that as a result of receiving the influenza ("flu") vaccine on October 21, 2020, he suffered a right-sided shoulder injury related to vaccine administration as defined in the Vaccine Injury Table. Petition at 1. On March 20, 2023, I issued a Decision awarding compensation to Petitioner, based on Respondent's proffer. ECF No. 45.

---

[1] In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting a total award of $16,305.77 ($15,546.20 in fees and $759.57 in costs). Petitioner's Petition for Reimbursement of Attorneys' Fees and Costs, filed Apr. 19, 2023, ECF No. 49. In addition, in accordance with General Order No. 9, Petitioner filed a signed statement indicating that he incurred no out-of-pocket expenses. ECF No. 49-3.

Respondent reacted to the motion on May 1, 2023, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 51. Petitioner filed no reply thereafter.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Hum. Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

2

## ATTORNEY FEES

The rates requested for work performed through the end of 2022 are reasonable, and consistent with our prior determinations, and will therefore be adopted. Petitioner has also requested 2023 attorney hourly rates as follows: $413 for work performed by Geln Sturtevant - representing a rate increase of $21. ECF No. 49-2 at 9-10. I find the requested hourly rate to be reasonable, and will award the attorney's fees for Mr. Sturtevant's work accordingly.

However, Petitioner has requested an hourly rate of $187 for work performed by paralegal Emily Brooks. Although the highest paralegal hourly rate has been used previously when calculating fees for the work performed by Ms. Brooks, the hourly rate requested for her 2023 work is $1.00 more than the stated range. *See* http://www.uscfc.uscourts.gov/node/2914 (last visited on May 19, 2023). (2023 Attorneys' Forum Hourly Rate Fee Schedule). Accordingly, I will reduce Ms. Brooks's rate to $186 per hour for 2023, to be consistent with and within the range of 2023 hourly rates for paralegal work. This results in a reduction of **$6.30**.[3]

Regarding the number of hours billed, I note this case required additional efforts to establish the site of vaccination. *See* Findings of Fact and Conclusions of Law, issued June 29, 2022, ECF No. 28. However, the hours expended by Petitioner's counsel to address this factual issue were reasonable.

## ATTORNEY COSTS

Petitioner requests $759.57 in overall costs. He has provided receipts for all but one claimed expense of $26.28 for in-house copying costs. ECF No. 49-1; ECF No. 49-2 at 7. I will nevertheless allow reimbursement of these unsubstantiated costs. And Respondent offered no specific objection to the rates or amounts sought.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT IN PART Petitioner's Motion for attorney's fees and costs. I award a total of **$16,299.47 (representing $15,539.90 in fees and $759.57 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel.** In the absence of a timely-filed motion for review (see Appendix B

---

[3] This amount is calculated as follows: $187 - $186 = $1 x 6.3 hrs. = $6.30.

to the Rules of the Court), the Clerk shall enter judgment in accordance with this Decision.[4]

**IT IS SO ORDERED.**

> **s/Brian H. Corcoran**
> Brian H. Corcoran
> Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.